UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE TREADWELL, Jr.,

    Plaintiff,

v.

Case No. 2:20-cv-10280
Hon. Arthur J. Tarnow

UNKNOWN KING, ET AL,

    Defendants.
_____/

## **OPINION AND ORDER OF PARTIAL DISMISSAL**

### I. Introduction

Steve Treadwell, Jr., confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a pro se civil rights complaint against twenty individually named defendants employed by the Michigan Department of Corrections. For the reasons stated below, the Court will dismiss plaintiff's claims against defendants Root, Fridd, Lindsey, Napier, and Wang. The case may proceed against defendants King, Rivas, Gowdy, Davidson, Kisor, McCumber-Hemry, Martin-Losacco, Muzin, Lamb, Chadwell, Anderson, Furgerson, Schiller, Salinas, and Winter.

### II. Standard of Review

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such

relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's pro se complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Complaint

As far as the Court can discern from the complaint, Plaintiff asserts that sometime in January of 2018, while he was formerly housed at the G. Robert Cotton Correctional Facility, defendant CO Rivas and Lt. Martin-Loscacco committed sexual misconduct against him. Plaintiff asserts that sometime later in 2018 he filed a Prison Rape Elimination Act (PREA) complaint against these two defendants.

Plaintiff asserts that after he filed his PREA complaint he was subjected to acts of retaliation by other staff at his facility. He asserts that defendants Rivas, Gowdy, Davidson, Kisor, McCumber-Hemry, Lamb, Furgerson, Salinas, and Winter all wrote false misconduct reports against him. He asserts that defendants King, Kisor, Martin-Losacco, and Anderson, held misconduct hearings at which they made findings against him in retaliation for his filing of the PREA complaint. He asserts that he was placed in administrative segregation as a result of these retaliatory misconducts, and that defendants Kisor, Muzin, Chadwell, Furgerson, and Schiller in retaliation for his PREA complaint held him in administrative segregation longer than was authorized.

Additionally, plaintiff makes vague and general allegations against defendants Root and Fridd, that they were "biased" against him and harassed him as a result of

his PREA complaint. Finally, plaintiff asserts that defendant Warden Lindsey failed to intervene to stop the retaliatory conduct, as did defendant psychologist Wang and defendant PREA coordinator Napier. Plaintiff seeks a total of $20,000 in damages.

### IV. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. See *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id*. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. See *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

An inmate has a right to file non-frivolous grievances against prison officials on his own behalf. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018). "Nothing in the First Amendment itself suggests that the right to petition for redress of grievances only attaches when the petitioning takes a specific form." *Holzemer v. City*

3

*of Memphis*, 621 F.3d 512, 521 (6th Cir. 2010). Plaintiff has alleged facts sufficient to support the first element of a First Amendment retaliation claim as he asserts that he filed a PREA complaint against two of the named defendants.

Plaintiff alleges sufficient adverse action to satisfy the second element, at least with respect to defendants King, Rivas, Gowdy, Davidson, Kisor, McCumber-Hemry, Martin-Losacco, Muzin, Lamb, Chadwell, Anderson, Furgerson, Schiller, Salinas, and Winter. The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "capable of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). A specific threat of harm may satisfy the adverse-action requirement, see, e.g., *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003). However, certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398. A few days' loss of privileges—or even the prospect or threat of a few days' loss of privileges—may suffice to establish adverse action. *Maben*, 887 F.3d at 266-67. Because Plaintiff asserts that these defendants filed false misconducts, upheld the false charges, placed him in administrate segregation, and kept there beyond the allowed period in retaliation for the filing of is PREA complaint, he has pled facts in support of the second element.

Next, plaintiff's allegations against these defendants assert that the purportedly false misconduct charges and adverse findings at the misconduct hearings were founded on the protected conduct. Plaintiff alleges that prior to the

filing of his PREA complaint he had never been issued misconducts, but afterward the defendants indicated above at the request of defendants Rivas and Martin-Losacco wrote false misconduct reports against him, made findings against him at the resulting hearings, and refused to release him from segregation. Therefore, Plaintiff has adequately alleged a causal link between the protected conduct—the PREA complaint—and the adverse action—the misconduct charges and confinement in administrative segregation.

Finally, however, Plaintiff has not plead facts sufficient to state a claim against defendants Root, Fridd, Lindsey, Napier, and Wang. Plaintiff alleges that Root and Fridd were "biased" against him and "harassed" him after he filed the PREA complaint. He fails to asset, however, that either of these defendants took any specific actions adverse actions to satisfy the second element. With respect to defendants Lindsey, Napier, and Wang, section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. See *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that these three defendants performed any retaliatory action. Rather, he simply asserts that they failed to act in the face of the retaliatory acts performed by the other defendants. Accordingly, plaintiff fails to state a claim against defendants Root, Fridd, Lindsey, Napier, or Wang.

## V. Conclusion

**IT IS ORDERED** that the Complaint is **SUMMARILY DISMISSED** for Plaintiff's failure to state a claim against defendants Root, Fridd, Lindsey, Napier, and Wang.

**IT IS FURTHER ORDERED** that the case may proceed with respect to defendants King, Rivas, Gowdy, Davidson, Kisor, McCumber-Hemry, Martin-Losacco, Muzin, Lamb, Chadwell, Anderson, Furgerson, Schiller, Salinas, and Winter on Plaintiff's First Amendment retaliation claim.

        **s/Arthur J. Tarnow**
        Arthur J. Tarnow
        United States District Court

Dated: February 19, 2020